IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:21-CR-79-SA-2

DEMANDRICK HAYES  DEFENDANT

ORDER

Now before the Court is the Defendant, Demandrick Hayes', Motion for Compassionate Release Pending Sentencing [143]. The Government has filed a Response [146] opposing the requested relief. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

Hayes is one of multiple individuals charged in an Indictment [1] filed on August 25, 2021. After initially being arrested on September 10, 2021, Hayes was conditionally released on an unsecured bond. *See* [36, 37, 57]. Thereafter, a petition to revoke Hayes' pretrial release was filed. On February 15, 2022, the Magistrate Judge held a hearing on the petition. At the hearing, Hayes admitted to violating the conditions of his release by smoking marijuana on three different occasions. In addition to an oral ruling at the conclusion of the hearing, the Magistrate Judge entered an Order [121] finding that "there is clear and convincing evidence that the defendant has violated conditions of his release. . . The court finds further that the defendant is unlikely to abide by any condition or combination of conditions of release." [121] at p. 1. The Court therefore revoked Hayes' pretrial release and ordered that he "be detained pending trial." *Id*.

On March 8, 2022, Hayes pled guilty to Count One of the Indictment [1]. *See* [136]. The Court then set Hayes' sentencing hearing for June 7, 2022. *See* [138]. Hayes was remanded to the custody of the United States Marshals Service at the conclusion of the change of plea hearing. Through the present Motion [143], Hayes requests release from custody pending sentencing. He

cites the COVID-19 pandemic and asserts that he has significant health issues—specifically, Type 1 diabetes and hypercholesterolemia. As noted above, the Government opposes the requested relief.

*Analysis and Discussion*

Although this Court, like all district courts across the country, has addressed numerous compassionate release motions since the beginning of the COVID-19 pandemic, those motions have typically come before the Court in cases where the defendant has previously been convicted, sentenced, and served a portion of the imposed sentence. The present Motion [143] is different, as it seeks compassionate release before a sentence has even been imposed.

As an initial matter concerning compassionate release, Section 3582(c)(1)(A) contains an exhaustion of administrative remedies requirement. *See* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]"); *see also U.S. v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (holding that the exhaustion requirement is mandatory). As emphasized by the Government, Hayes provides no documentation indicating that he has complied with that requirement. The Fifth Circuit has made abundantly clear that the exhaustion requirement is mandatory. *See, e.g., U.S. v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (holding that the exhaustion requirement is mandatory).[1]

---

[1] Hayes' failure to do so may be simply based upon the fact that he is not currently housed at a Bureau of Prisons facility. Again, the current status of this case is different than the typical request for compassionate release that this Court has addressed.

2

Even setting aside Hayes' failure to exhaust administrative remedies, the Fifth Circuit has made clear that district courts considering requests for compassionate release are not bound by United States Sentencing Guidelines § 1.B1.13 but "must instead consider the extraordinary circumstances requirement of § 3582(c)(1)(A)(i) and the § 3553(a) sentencing factors." *U.S. v. Maldonado*, 2022 WL 565618, at *1 (5th Cir. Feb. 24, 2022) (per curiam) (citing *U.S. v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021)); *see also Ward v. U.S.*, 11 F.4th 354, 360 (5th Cir. 2021) ("The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction.").

Again, the current posture of this case does not fit within the confines of a typical request for compassionate release. *See, e.g.*, *U.S. v. Thompson*, 984 F.3d 431, 434-35 (5th Cir. 2021) (noting that courts that have granted compassionate release based upon risks associated with COVID-19 "largely have done so for defendants who had *already served the lion's share of their sentences* and presented multiple, severe, health concerns.") (emphasis added). At this time, the Court does not have the benefit of a Presentence Investigation Report and thus is not fully aware of Hayes' criminal history, if any. However, the Court does note that Section 3553(a)(1) concerns the "*nature and circumstances of the offense* and the history and characteristics of the defendant[.]" 18 U.S.C. § 3553(a)(1) (emphasis added). Hayes has pled guilty to a serious drug offense—particularly, conspiracy to distribute and possession with intent to distribute methamphetamine. The Court finds that the seriousness of the offense weighs against compassionate release. In addition, Hayes admitted to smoking marijuana on three separate occasions while on bond. This Court sees these violations as part of the history and characteristics of the defendant and finds that they also weigh against compassionate release.

The Court has reviewed and considered the documentation attached to Hayes' Motion [143], which includes a letter from his doctor as well as a letter from the American Diabetes Association concerning the impact that COVID-19 can have on individuals with diabetes, such as Hayes. Despite Hayes' documented health issues, the Court finds that the seriousness of his underlying offense, as well as his previous violations of the terms of his release on *multiple* occasions, outweighs those concerns.

Although Hayes cites no case law in his Motion [143], it seems as though his request is really a request for bond or a request that this Court reconsider the Magistrate Judge's decision to revoke Hayes' pretrial release. As noted above, the Magistrate Judge held a hearing as to the bond revocation issue on February 15, 2022. This Court has listened to the audio recording from that hearing. As noted above, at that hearing, Hayes admitted to violating the conditions of his pretrial release by smoking marijuana on three different occasions. After receiving testimony from an officer with the United States Probation Service and hearing the arguments of counsel, the Magistrate Judge revoked Hayes' bond pursuant to 18 U.S.C. § 3148.

In pertinent part, 18 U.S.C. § 3148 provides:

> A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. . . The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –
>
> (1) finds that there is –
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>   (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that –
>   (A) based on the facts set forth in section 3142(g) of this title, there is no condition or combination of conditions of release

> that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

The Magistrate Judge ultimately held that Hayes had violated the conditions of his release and that he is unlikely to abide by any condition or combination of conditions of release. The Magistrate Judge therefore ordered that Hayes "be detained pending trial." [121] at p. 1.

Since Hayes has now entered a guilty plea, this matter will obviously not proceed to trial. However, this Court sees no reason to depart from the Magistrate Judge's ruling as to Hayes' release. As the Magistrate Judge specifically noted at the revocation hearing, Hayes admitted to smoking marijuana on *three* different occasions while on bond. Had Hayes complied with the conditions of his release, he likely would have remained on bond pending sentencing. And while the Court is not unsympathetic to Hayes' medical conditions, the Court does not find that they warrant release under the circumstances.

As an additional matter, the Court notes that, at the change of plea hearing, defense counsel raised a concern about Hayes' need for medical treatment. At the conclusion of the hearing, the Court assured Hayes that it would communicate with the United States Marshals Service and the Lafayette County Detention Center (where Hayes is currently housed) about those concerns. The Court has done so, in an effort to ensure that Hayes receives any needed medical treatment.

Ultimately, regardless of which standard is applied, the Court finds that release at this time is not warranted. Hayes has previously been provided the opportunity of being released on bond, and he wholly disregarded the conditions of his release. His medical conditions, while serious, do not justify release. He shall remain in custody pending sentencing. *See Ward*, 11 F.4th at 360 ("[M]otions for compassionate release are inherently discretionary.").

5

*Conclusion*

For the reasons set forth above, the Court finds Hayes' request to be without merit. The Motion [143] is DENIED. Hayes shall remain in custody pending sentencing.

SO ORDERED, this the 5th day of April, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE